Chen Zheg v. Barr

BIA
Zagzoug, IJ
A205 402 522

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand nineteen.

PRESENT:
    REENA RAGGI,
    PETER W. HALL,
    DENNY CHIN,
        *Circuit Judges.*
_____

TONG CHEN ZHEG, AKA TONG CHEN ZHEN,
        *Petitioner,*

    v.                                              17-723
                                                    NAC

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Dehai Zhang, Flushing, NY

FOR RESPONDENT:          Chad A. Readler, Principal Deputy
                         Assistant Attorney General;
                         Jessica E. Burns, Senior
                         Litigation Counsel; Scott M.

Marconda, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tong Chen Zheg, a native and citizen of the People's Republic of China, seeks review of a March 2, 2017 decision of the BIA affirming a June 10, 2016 decision of an Immigration Judge ("IJ") denying Chen Zheg's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tong Chen Zheg,* No. A 205 402 522 (B.I.A. Mar. 2, 2017), *aff'g* No. A 205 402 522 (Immig. Ct. N.Y. City June 10, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, reviewing only the adverse credibility ruling. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review adverse credibility determinations under a substantial

2

evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The governing REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.; see* 8 U.S.C. § 1252(b)(4)(B). As discussed below, substantial evidence supports the agency's determination that Chen Zheg was not credible.

3

The agency reasonably relied on inconsistencies between Chen Zheg's and his witness's testimony regarding the date of Chen Zheg's baptism, whether and how often the two of them spoke on the phone, and whether there was a choir or hymn singing at the church service that took place two days before the May 2016 asylum hearing. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Each of these inconsistencies is supported by the record. And taken together, this conflicting testimony reflects material inconsistencies that call into question whether Chen Zheg attended church regularly in the United States, which in turn casts doubt on whether he is (or was) a practicing Christian. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that a single material inconsistency provided substantial evidence supporting adverse credibility determination); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

4

The agency also reasonably relied on Chen Zheg's internally inconsistent testimony regarding whether his friend Zhu Hui was present at the January 1, 2012 service that was raided by police. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). At a November 2015 hearing, Chen Zheg testified that Zhu Hui did not attend this service because he had something else to do; but in May 2016, Chen Zheg testified that Zhu Hui was at the service and the two of them escaped from the police together.

The adverse credibility determination is bolstered by Chen Zheg's inconsistent statements about when he was released following his arrest and detention in 2011. Although insufficient on its own to support the adverse credibility determination, given the inconsistency between his application and testimony and the inconsistencies within his testimony, the agency did not err in considering this discrepancy under the "totality of the circumstances." *See Xiu Xia Lin*, 534 F.3d at 167.

The IJ also reasonably concluded that Chen Zheg's corroborating evidence did not rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273

5

(2d Cir. 2007) (recognizing that "[a]n applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question").  In particular, the October 2013 baptism certificate was undermined by Chen Zheg's witness's testimony that Chen Zheg was baptized in March 2013, and the IJ was permitted to give diminished weight to the letters from Chen Zheg's mother and his church friend in China because these letters were authored by witnesses who were not available for cross-examination.  *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

Given the discrepancies relating to Chen Zheg's U.S. church attendance and the events in China, as well as his lack of reliable corroborating evidence, the totality of the circumstances supports the agency's adverse credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 167; *Xian Tuan Ye*, 446 F.3d at 294-95.  Because Chen Zheg's claims were all based on the same factual predicates, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief.  *Paul v. Gonzales*, 444 F.3d 148,

6

156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court